GRACEY, JUDGE:
This claim was heard by the Court on December 9, 1982, and the opinion of the Court was issued March 16, 1983, to the effect that the claimant was entitled to a monetary award on a quantum meruit basis, and directing the parties to agree “. . . upon an amount fair to both parties based upon the reasonable value of the use of the equipment rented by the respondent.” The claim was to be held open for 60 days for such agreement to be filed with the Court. Xerox Corporation v. Dept. of Natural Resources, 14 Ct.Cl. 435 (1983).
Generally, the claim involves rental of a Xerox Model 8200 copying machine installed on a limited trial basis, under a written contract which was invalid because of a failure to obtain approval of the Department of Finance and Administration. The respondent’s Department of Water Resources had the use of the machine from September 25, 1981, to mid-June 1982.
The parties failed to file any reasonable value of use agreement with the Court, and an Order was entered dismissing the claim, without prejudice, on November 18, 1983. Claimant filed a Petition for Rehearing and Reconsideration, and an Order was entered February 6, 1984, granting same. At a hearing on September 25, 1984, additional evidence was presented as to the reasonable value of the use of the equipment.
The evidence indicated that 340,514 copies were made on the machine during the time period the machine was. in use. A knowledgeable witness testified that the price of purchasing such copying services from a printing service in the Charleston area would be $17,332.14 less $3,405.14 (14 per copy) for toner, developer, and paper separately purchased, but this testimony was based upon his assumptions with reference to how many original items were copied, how many copies from each original, etc., and there wás no evidence presented to verify such assumptions. Assuming that all 340,514 copies were produced as one job, from a single original being copied, this being at the lowest price per copy (3.944), the local price would have been $13,416.25 less the $3,405.14 cost for toner, developer, and paper. On cross-examination, the witness agreed that the prices he was *285 suggesting would include a variable profit for the printer and a profit to Xerox Corporation in its rental of a copying machine to the printer.
The invalid lease agreement in question included a monthly rental of $1,220.00 with no additional charge for the first 30,000 copies produced in that month, so each of those copies would have cost about 4.06$. Each of the next 20,000 copies was to cost respondent 1.41$ per copy. And each additional copy was to cost respondent .073$ per copy. Using this pricing guide, the claimant had billed, and claims in this action, the sum of $12,065.88 including an equipment removal charge of $365.00.
The Court has no way of knowing how many originals were copied, how many copies were made from any original, the profit margin of the claimant, etc. The Court can only estimate what is an amount “. . . fair to both parties based upon the reasonable value of the use of the equipment,” and the Court fixes that amount at $8,500.00.
Award of $8,500.00.